UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ANTHONY ABELS,          )<br>                                                   )<br>                        Petitioner,   )<br>                                                   )<br>            v.                                    )<br>                                                   )<br>ISRB et al.,                                 )<br>                                                   )<br>                        Respondents. )<br>_____ ) | CASE NO. C04-2259-JLR-MJB<br><br>ORDER |

Petitioner, who is proceeding *pro se*, is a state prisoner currently incarcerated at the Athanum View Correctional Complex in Yakima, Washington pursuant to his March 1982 conviction in King County Superior Court for first degree murder while armed with a deadly weapon and a firearm. Petitioner was sentenced to a maximum term of life imprisonment. Dkt. #22, Ext. 1. He has filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the actions of the Indeterminate Sentencing Review Board (ISRB) and the Department of Corrections (DOC) concerning setting of his minimum term, implementing his Mutual Agreement Program (MAP), setting his duration of confinement, retroactive application of the Sentencing Reform Act (SRA), accounting of his good time, and DOC's disciplinary proceedings. Respondents filed an answer (Dkt. # 20) and Petitioner filed a response (Dkt. # 29). The Court, having

ORDER - 1

Case 2:04-cv-02259-JLR   Document 31   Filed 04/14/06   Page 2 of 5

reviewed Petitioner's amended petition, and the remaining record in its entirety, hereby finds and ORDERS as follows:

(1) Before filing a petition for writ of habeas corpus, Petitioner must exhaust available state judicial remedies as required by 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254 (b), (c). The exhaustion requirement is not deemed satisfied until Petitioner demonstrates that each of his federal claims has been presented to the state's highest court or that no state remedy is now available. *See Batchelor v. Cupp*, 693 F.2d 859, 863 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983). To provide the state with an opportunity to hear his federal claims, Petitioner must present the substance of those claims, not just the facts bearing on those claims, to the state court. *See Duncan v. Henry*, 513 U.S. 364, 364-65, *reh'g denied*, 115 S.Ct. 1394 (1995); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). When exhausting his grounds, Petitioner must have complied with Washington State's rules and procedures; if he did not comply, his grounds remain unexhausted. *McQuown v. McCartney*, 785 F.2d 807 (9th Cir. 1986). If the Washington Supreme Court declined to review Petitioner's grounds based on independent and adequate state procedural grounds, then this Court cannot grant relief on those grounds absent a showing of cause and prejudice. *Harris v. Reed*, 489 U.S. 255 (1989). Moreover, if an unexhausted claim is now barred by a mandatory rule of state procedure, the exhaustion requirement is satisfied but the claim is procedurally barred from review. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Ordinarily, a federal habeas petition containing *both* exhausted and unexhausted claims must be dismissed by the district court. Thereafter, Petitioner has the choice of returning to the state courts to present his unexhausted claims or resubmitting his federal habeas petition so that it includes only the exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the Ninth Circuit Court of Appeals has held that a

ORDER - 2

district court may, in its discretion, permit a habeas Petitioner to amend his petition to include previously unexhausted claims by holding his petition alleging exhausted claims in abeyance pending resolution of the unexhausted claims in state court. *See Calderon v. United States Dist. Court for N.D. Cal.,* 144 F.3d 618 (9th Cir. 1998).

In the present case, Petitioner essentially alleges the following grounds for relief in his amended habeas petition:

1. The ISRB violated its own policies and procedures by (a) failing to set a Petitioner's new minimum term from April 1999 to December 2001, and (b) delaying 22 months, from April 1999 to February 200, before starting Petitioner's MAP, which denied Petitioner the benefit of his good time for the period April 1999 to December 2001.

2. The ISRB misapplied the retroactivity of the Sentencing Reform Act by not setting a "determinate" minimum term and a determinate maximum sentence for Petitioner.

3. Petitioner's due process, equal protection, and Eighth Amendment rights were violated when the ISRB terminated his MAP based on unsubstantiated allegations from his DOC counselor without any disciplinary hearing process.

4. Petitioner was denied due process and equal protection by DOC when it disciplined him without giving him a disciplinary hearing and the ISRB relied on false allegations of a DOC staff member to determine Petitioner's parolability.

5. Trial counsel and the trial court erred in failing to order a psychiatric evaluation of Petitioner to determine his mental capacity to stand trial for first degree premeditated murder.

6. Under *Blakely*, the ISRB denied Petitioner's constitutional right to a full trial by jury by setting an exceptional minimum term for Petitioner.

Respondents have submitted briefing on the issue of whether Petitioner's claims are exhausted.[1] While Respondents concede that grounds 1, 3 and 4 have been fully and fairly exhausted, Respondents contend that the remaining grounds for relief are unexhausted because Petitioner failed to present ground 2 as a federal constitutional

---

[1] Petitioner's reply brief fails to address Respondents' exhaustion arguments.

ORDER - 3

claim to the Washington Supreme Court, and he never presented grounds 5 and 6 to either the Washington Court of Appeals or the Washington Supreme Court. Respondents also contend that ground 2 is now procedurally barred under the successive petition doctrine of RCW 10.73.140, and ground 5, attacking his 1982 conviction, is time-barred under RCW 10.73.090. Respondents assert, however, that because it appears that Petitioner may still challenge ground 6 under *Apprendi/Blakely* in a future personal restraint petition, Petitioner's habeas petition is a mixed petition.

Having carefully reviewed the record and the information provided by Petitioner and Respondents, this Court agrees that Petitioner's habeas petition is a mixed petition that alleges both exhausted and unexhausted claims. The Court also concludes that Respondents have accurately identified the claims that have been fully and fairly exhausted, the claims that are both unexhausted and procedurally barred, and the single claim that is simply unexhausted.

(2) Accordingly, this Court has no jurisdiction to review Petitioner's amended habeas petition because it is a "mixed petition." *See Rose v. Lundy*, 455 U.S. at 522. Within **thirty (30) days** from the date of this Order, Petitioner must either: amend his petition to delete the unexhausted claim and inform the Court whether he wishes to proceed with his exhausted claims or to stay the petition after deletion of the unexhausted claim, to allow for exhaustion, and to later add it by amendment to the stayed federal petition. **If no amended petition is timely filed, the Court will recommend that the action be dismissed.**

(3) The Clerk is directed to send a copy of the Court's 2241 petition form to Petitioner and Petitioner shall use the Court's form to amend his petition. Petitioner is further advised that his amended petition will replace, and not merely supplement, his original petition.

ORDER - 4

(4)   The Clerk is further directed to send a copy of this Order to Petitioner and to counsel for Respondents.

DATED this 14th day of April, 2006.

MONICA J. BENTON
United States Magistrate Judge

ORDER - 5